# EXHIBIT A

JAMES KELLY,

                    Plaintiff,

vs.

LIVE NATION; LIVE NATION WORLDWIDE, INC.; LIVE NATION ENTERTAINMENT, INC.; LIVE NATION NATIONAL URBAN; LIVE NATION PHILADELPHIA; FREEDOM MORTGAGE PAVILION; JOHN DOE OWNER 1-10; JOHN DOE MANAGEMENT COMPANY 1-10; JOHN DOE SECURITY COMPANY 1-10; JOHN DOE MAINTENANCE COMPANY 1-10; JOHNS DOE 1-10; ABC CORPORATION 1-10; XYZ PARTNERSHIPS 1-10; and JANE DOES 1-10 (fictitiously named defendants),

                    Defendant

SUPERIOR COURT OF NEW JERSEY
CAMDEN COUNTY LAW DIVISION

Docket No. CAM-L-2877-25

**CIVIL ACTION**

**SUMMONS**

**From The State of New Jersey to The Defendant(s) Named Above:** Live Nation Worldwide, Inc.

The plaintiff named above has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each Deputy Clerk of the Superior Court is available in the Civil Division Management Office in the County listed above and online at https://www.njcourts.gov/public/directories/court-services/civil-dir.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney, whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live, or the Legal Services of New Jersey Statewide Hotline, at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at https://www.njcourts.gov/public/directories/court-services/civil-dir.

_/s/ Michelle M. Smith_
MICHELLE M. SMITH
Clerk of the Superior Court

Dated: August 28, 2025

Name of Defendant to be served:
Address of Defendant to be served:

Live Nation Worldwide, Inc.
c/o Corporate Creations Network, Inc.,
3411 Silverside Road Tatnall Building Suite 104,
Wilmington, DE 19810

STARK & STARK
A Professional Corporation
401 Route 73 North, Suite 130
Marlton, NJ 08053-3425
856.874.4443
**Deborah S. Dunn, Attorney ID#: 040002001**
**Attorneys for Plaintiff JAMES KELLY**

| JAMES KELLY, | SUPERIOR COURT OF NEW JERSEY |
|---|---|
| | CAMDEN COUNTY LAW DIVISION |

**STARK & STARK**
A Professional Corporation
401 Route 73 North, Suite 130
Marlton, NJ 08053-3425
(856) 874-4443
**Deborah S. Dunn, Esq., Attorney ID#: 04000-2001**
**Attorneys for Plaintiff(s)**

| | |
|---|---|
| JAMES KELLY,<br><br>                              Plaintiff(s),<br><br>                    vs.<br><br>LIVE NATION; LIVE NATION WORLDWIDE, INC.; LIVE NATION ENTERTAINMENT, INC.; LIVE NATION NATIONAL URBAN; LIVE NATION PHILADELPHIA; FREEDOM MORTGAGE PAVILION; JOHN DOE OWNER 1-10; JOHN DOE MANAGEMENT COMPANY 1-10; JOHN DOE SECURITY COMPANY 1-10; JOHN DOE MAINTENANCE COMPANY 1-10; JOHNS DOE 1-10; ABC CORPORATION 1-10; XYZ PARTNERSHIPS 1-10; and JANE DOES 1-10 (fictitiously named defendants),<br><br>                              Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO.:<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND**<br><br>**DEMAND FOR ANSWERS TO INTERROGATORIES** |

Plaintiff, JAMES KELLY, by way of Complaint, says:

### FACTS

1.    On or about August 29, 2023, Plaintiff, JAMES KELLY, was a business invitee lawfully

on the premises of Defendant, FREEDOM MORTGAGE PAVILION, in Camden, New Jersey,

to attend a concert produced and/or promoted by Defendants, LIVE NATION

ENTERTAINMENT, INC., LIVE NATION WORLDWIDE, LIVE NATION NATIONAL

URBAN, and LIVE NATION PHILADELPHIA. Plaintiff attended the event with his adult

**STARK**
**&STARK** PC

daughter and held valid tickets for third-row center seats, specifically G14 and G15, purchased at a cost of $270 each.

2.      Upon arriving at their assigned seats, Plaintiff and his daughter found JANE DOE 1 and JANE DOE 2 occupying the seats. After Plaintiff presented their tickets, the women vacated the seats. During this time, venue staff and security personnel, including those employed or contracted by FREEDOM MORTGAGE PAVILION, JOHN DOE SECURITY COMPANY 1-10, and JOHN DOE MANAGEMENT COMPANY 1-10, were present but failed to monitor the situation or ensure that seating assignments were enforced.

3.      While Plaintiff's daughter was placing her empty beverage on the ground, JANE DOE 1 and/or JANE DOE 2 suddenly and without provocation attempted to strike her. Security personnel, including those provided by JOHN DOE SECURITY COMPANY 1-10 and overseen by JOHN DOE MANAGEMENT COMPANY 1-10, did not intervene to prevent the attack.

4.      Moments later, JOHN DOE 1, believed to be associated with the prior assailants, aggressively attacked Plaintiff, placing him in a headlock and striking him multiple times in the face and head.

5.      Despite the ongoing assault, security staff at Defendant, FREEDOM MORTGAGE PAVILION, under the supervision of Defendants, LIVE NATION, LIVE NATION WORLDWIDE, INC., LIVE NATION ENTERTAINMENT, INC., LIVE NATION NATIONAL URBAN, LIVE NATION PHILADELPHIA, JOHN DOE OWNER 1-10, JOHN DOE MANAGEMENT COMPANY 1-10, JOHN DOE SECURITY COMPANY 1-10, JOHN DOE MAINTENANCE COMPANY 1-10, ABC CORPORATION 1-10, AND XYZ PARTNERSHIPS 1-10 failed to intervene. The altercation was ultimately broken up by another concertgoer, rather than by any security personnel.

**STARK
&STARK**

6.    At all relevant times, the operations, staffing, and security at Defendant FREEDOM

MORTGAGE PAVILION involved Defendants LIVE NATION, LIVE NATION

WORLDWIDE, INC., LIVE NATION ENTERTAINMENT, INC., LIVE NATION

NATIONAL URBAN, LIVE NATION PHILADELPHIA, JOHN DOE OWNER 1-10, JOHN

DOE MANAGEMENT COMPANY 1-10, JOHN DOE SECURITY COMPANY 1-10, JOHN

DOE MAINTENANCE COMPANY 1-10, ABC CORPORATION 1-10, AND XYZ

PARTNERSHIPS 1-10, whose combined failures in staffing, monitoring, and responding to

incidents left Plaintiff and his daughter exposed to foreseeable harm.

## FIRST COUNT

7.    On or about August 29, 2023, Plaintiff, JAMES KELLY, was a business invitee, a paying

customer, and/or was lawfully on the premises known as Freedom Mortgage Pavilion, located at

1 Harbor Boulevard, City of Camden, County of Camden, State of New Jersey.

8.    At the same time and place, Defendants, JOHN DOES 1-1 and JANE DOES 1-10, were

also on the subject premises.

9.    At the time and place hereinabove described, Defendants, JOHN DOES 1-10 and JANE

DOES 1-10, made direct, intentional, offensive contact with Plaintiff, JAMES KELLY, by

placing him in a headlock and striking him repeatedly in the face and head, thereby causing

Plaintiff serious bodily injury.

10.    At present, the identity(ies) of Defendants, JOHN DOES 1-10 and JANE DOES 1-10, is

unknown. As such, the designation represents one or more individuals, corporations,

partnerships, or other entities, who in any way made direct, intentional, offensive contact with

Plaintiff.

**STARK**
**&STARK**

4926-7512-4579, v. 1

11.    As a result of the intentional and/or reckless conduct of Defendants, JOHN DOES 1-10 and JANE DOES 1-10, Plaintiff, JAMES KELLY, was caused to suffer severe bodily injuries, some of which are permanent in nature; has been caused to aggravate any pre-existing medical condition, symptomatic and/or asymptomatic, which is permanent; has been caused and will be caused to expend large sums of money for medical treatment necessary to effect a cure for his injuries; has been caused and will in the future be caused great pain and suffering; has been caused and will in the future be unable to pursue his usual activities; has been and will in the future be caused to lose large sums of money due to his inability to pursue his usual occupation; has been and will be caused to experience great anxiety and mental anguish; and was otherwise injured and damaged, all to his great loss and detriment.

**WHEREFORE**, Plaintiff, JAMES KELLY, demands Judgment for damages generally against the Defendants, JOHN DOES 1-10 and JANE DOES 1-10, individually, jointly, severally, or in the alternative, together with interest and costs of suit.

## SECOND COUNT

12.    Plaintiff, JAMES KELLY, repeats each and every paragraph of the preceding Counts and incorporates same herein.

13.    At the time and place hereinabove described, Defendants, JOHN DOES 1-10 and JANE DOES 1-10, made verbal threats of physical harm which were meant to cause or instill fear in Plaintiff, thereby putting him in imminent apprehension of such harm.

14.    Defendants, JOHN DOES 1-10 and JANE DOES 1-10, made direct verbal contact with Plaintiff by yelling profanities and threatening statements at him.

15.    Defendants, JOHN DOES 1-10 and JANE DOES 1-10, made terroristic threats to Plaintiff, such statements communicating the threat to commit a crime of violence.



4

16.    Defendants, JOHN DOES 1-10 and JANE DOES 1-10, recklessly endangered the safety and well-being of Plaintiff by placing him in danger of serious bodily injury.

17.    Defendants, JOHN DOES 1-10 and JANE DOES 1-10, made forceful and violent contact with Plaintiff, JAMES KELLY, and threatened him with physical violence.

18.    As a result of the intentional and/or reckless conduct of Defendants, JOHN DOES 1-10 and JANE DOES 1-10, Plaintiff, JAMES KELLY, was caused to suffer severe bodily injuries, some of which are permanent in nature; has been caused to aggravate any pre-existing medical condition, symptomatic and/or asymptomatic, which is permanent; has been caused and will be caused to expend large sums of money for medical treatment necessary to effect a cure for his injuries; has been caused and will in the future be caused great pain and suffering; has been caused and will in the future be unable to pursue his usual activities; has been and will in the future be caused to lose large sums of money due to his inability to pursue his usual occupation; has been and will be caused to experience great anxiety and mental anguish; and was otherwise injured and damaged, all to his great loss and detriment.

**WHEREFORE**, Plaintiff, JAMES KELLY, demands Judgment for damages generally against the Defendants, JOHN DOES 1-10 and JANE DOES 1-10, individually, jointly, severally, or in the alternative, together with interest and costs of suit.

## THIRD COUNT

19.    Plaintiff, JAMES KELLY, repeats each and every paragraph of the preceding Counts and incorporates same herein.

20.    The aforesaid occurrence was caused by the carelessness, recklessness, and negligence of Defendants, JOHN DOES 1-10 and JANE DOES 1-10.



21.  As a result of the carelessness, recklessness, and negligence of Defendants, JOHN DOES 1-10 and JANE DOES 1-10, Plaintiff, JAMES KELLY, was caused to suffer severe bodily injuries, some of which are permanent in nature; has been caused to aggravate any pre-existing medical condition, symptomatic and/or asymptomatic, which is permanent; has been caused and will be caused to expend large sums of money for medical treatment necessary to effect a cure for his injuries; has been caused and will in the future be caused great pain and suffering; has been caused and will in the future be caused to be unable to pursue his usual activities; and has been and will in the future be caused to lose large sums of money due to his inability to pursue his usual occupation; has been and will be caused to experience great anxiety and mental anguish; and was otherwise injured and damaged, all to his great loss and detriment.

**WHEREFORE**, Plaintiff, JAMES KELLY, demands Judgment for damages generally against the Defendants, JOHN DOES 1-10 and JANE DOES 1-10, individually, jointly, severally, or in the alternative, together with interest and costs of suit.

## FOURTH COUNT

22.  Plaintiff, JAMES KELLY, repeats each and every paragraph of the preceding Counts and incorporates same herein.

23.  At the time and place hereinabove described, the aforesaid premises known as Defendant, FREEDOM MORTGAGE PAVILION,  located at 1 Harbor Boulevard, City of Camden, County of Camden, State of New Jersey, was owned, possessed, maintained, secured, and/or controlled by Defendants, LIVE NATION, LIVE NATION WORLDWIDE, INC., LIVE NATION ENTERTAINMENT, INC., LIVE NATION NATIONAL URBAN, LIVE NATION PHILADELPHIA, JOHN DOE OWNER 1-10, JOHN DOE MANAGEMENT COMPANY 1-

**STARK
&STARK** rc

6

10, JOHN DOE SECURITY COMPANY 1-10, JOHN DOE MAINTENANCE COMPANY 1-10, ABC CORPORATION 1-10, and/or XYZ PARTNERSHIPS 1-10.

24.    At all times relevant herein, these Defendants are business entities that conduct business throughout the State of New Jersey.

25.    At present, the identity(ies) of Defendants, JOHN DOE OWNER 1-10, JOHN DOE MANAGEMENT COMPANY 1-10, JOHN DOE SECURITY COMPANY 1-10, JOHN DOE MAINTENANCE COMPANY 1-10, ABC CORPORATION 1-10, and/or XYZ PARTNERSHIPS 1-10, is unknown. As such, the designation represents one or more individuals, partnerships, corporations, or other entities, which in any way owned, possessed, controlled, secured, or maintained any part of the premises.

26.    At all times relevant herein, Defendants LIVE NATION; LIVE NATION WORLDWIDE, INC.; LIVE NATION ENTERTAINMENT, INC.; LIVE NATION NATIONAL URBAN; LIVE NATION PHILADELPHIA; FREEDOM MORTGAGE PAVILION; JOHN DOE OWNER 1-10; JOHN DOE MANAGEMENT COMPANY 1-10; JOHN DOE SECURITY COMPANY 1-10; JOHN DOE MAINTENANCE COMPANY 1-10; ABC CORPORATION 1-10; XYZ PARTNERSHIPS 1-10; had a duty of care to their patrons, such as Plaintiff, to take reasonable steps in protecting them from foreseeable dangers, including but not limited to, from physical harm caused by the intentional acts of third persons, such as JOHN DOES 1-10 and JANE DOES 1-10.

27.    The aforesaid occurrence was caused by the negligence, carelessness, and/or recklessness of Defendants, their agents, servants, and employees, including but not limited to: (a) failing to discover such acts being done or likely to be done; (b) failing to give adequate warning; (c) failing to take reasonable steps to ensure safety when prior incidents occurred; (d) failing to instill proper protocols and training; (e) failing to provide adequate safeguards; (f) failing to

**STARK**
**&STARK.**

7

4926-7512-4579, v. 1

take reasonable precautions based on the circumstances; (g) failing to timely summon police or authorities; and (h) otherwise being negligent as a matter of law.

28.    As a result of the carelessness, recklessness, and negligence of Defendants, LIVE NATION; LIVE NATION WORLDWIDE, INC.; LIVE NATION ENTERTAINMENT, INC.; LIVE NATION NATIONAL URBAN; LIVE NATION PHILADELPHIA; FREEDOM MORTGAGE PAVILION; JOHN DOE OWNER 1-10; JOHN DOE MANAGEMENT COMPANY 1-10; JOHN DOE SECURITY COMPANY 1-10; JOHN DOE MAINTENANCE COMPANY 1-10; ABC CORPORATION 1-10; XYZ PARTNERSHIPS 1-10, Plaintiff, JAMES KELLY, was caused to suffer severe bodily injuries, some of which are permanent in nature; has been caused to aggravate any pre-existing medical condition, symptomatic and/or asymptomatic, which is permanent; has been caused and will be caused to expend large sums of money for medical treatment necessary to effect a cure for his injuries; has been caused and will in the future be caused great pain and suffering; has been caused and will in the future be unable to pursue his usual activities; and has been and will in the future be caused to lose large sums of money due to his inability to pursue his usual occupation; and has been and will be caused to experience great anxiety and mental anguish; and was otherwise injured and damaged, all to his great loss and detriment.

**WHEREFORE**, Plaintiff, JAMES KELLY, demands Judgment for damages generally against the Defendants, LIVE NATION; LIVE NATION WORLDWIDE, INC.; LIVE NATION ENTERTAINMENT, INC.; LIVE NATION NATIONAL URBAN; LIVE NATION PHILADELPHIA; FREEDOM MORTGAGE PAVILION; JOHN DOE OWNER 1-10; JOHN DOE MANAGEMENT COMPANY 1-10; JOHN DOE SECURITY COMPANY 1-10; JOHN DOE MAINTENANCE COMPANY 1-10; ABC CORPORATION 1-10; XYZ PARTNERSHIPS 1-10, individually, jointly, severally, or in the alternative, together with

**STARK & STARK** PC

8

4926-7512-4579, v. 1

interest and costs of suit.

## FIFTH COUNT

29. Plaintiff, JAMES KELLY, repeats each and every paragraph of the preceding Counts and incorporates same herein.

30. At all times relevant herein, Defendants, FREEDOM MORTGAGE PAVILION; LIVE NATION; LIVE NATION WORLDWIDE, INC.; LIVE NATION ENTERTAINMENT, INC.; LIVE NATION NATIONAL URBAN; LIVE NATION PHILADELPHIA; ABC CORPORATION 1-10; XYZ PARTNERSHIPS 1-10; JOHN DOE OWNER 1-10; JOHN DOE MANAGEMENT COMPANY 1-10; JOHN DOE SECURITY COMPANY 1-10; JOHN DOE MAINTENANCE COMPANY 1-10; JANE DOES 1-10, had a duty of care to their patrons, such as the Plaintiff, including but not limited to, in providing security and protection from known and/or foreseeable dangers, including but not limited to, from physical harm caused by the accidental, negligent, intentional, or criminal acts of third persons, such as JOHN DOES 1-10 and JANE DOES 1-10.

31. At all times relevant herein, Defendants, ABC CORPORATION 1-10; XYZ PARTNERSHIPS 1-10; JOHN DOE OWNER 1-10; JOHN DOE MANAGEMENT COMPANY 1-10; JOHN DOE SECURITY COMPANY 1-10; JOHN DOE MAINTENANCE COMPANY 1-10; JANE DOES 1-10 are fictitious designations representing one or more individual(s), sole proprietorship(s), association(s), limited partnership(s), general partnership(s), limited liability company(ies) and/or corporation(s), which in any way were hired by and/or contracted with Defendants, FREEDOM MORTGAGE PAVILION; LIVE NATION; LIVE NATION WORLDWIDE, INC.; LIVE NATION ENTERTAINMENT, INC.; LIVE NATION NATIONAL URBAN; LIVE NATION PHILADELPHIA; ABC CORPORATION 1-10; XYZ PARTNERSHIPS 1-10; JOHN DOE OWNER 1-10; JOHN DOE

**STARK
&STARK** ᴸᴸᶜ

4926-7512-4579, v. 1

MANAGEMENT COMPANY 1-10; JOHN DOE MAINTENANCE COMPANY 1-10; JANE DOES 1-10, to provide security services at the premises known as FREEDOM MORTGAGE PAVILION, to maintain a safe environment for patrons attending the concert on August 29, 2023.

32.    The aforesaid occurrence, more fully described in the previous Counts of this Complaint, was caused by the negligence, carelessness, and/or recklessness of Defendants, FREEDOM MORTGAGE PAVILION; LIVE NATION; LIVE NATION WORLDWIDE, INC.; LIVE NATION ENTERTAINMENT, INC.; LIVE NATION NATIONAL URBAN; LIVE NATION PHILADELPHIA; ABC CORPORATION 1-10; XYZ PARTNERSHIPS 1-10; JOHN DOE OWNER 1-10; JOHN DOE MANAGEMENT COMPANY 1-10; JOHN DOE SECURITY COMPANY 1-10; JOHN DOE MAINTENANCE COMPANY 1-10; JANE DOES 1-10, their agents, servants, and employees, including but not limited to: (a) failing to prevent and/or stop the incident more specifically referenced in the previous Counts of this Complaint; (b) permitting JOHN DOES 1-10 and/or JANE DOES 1-10 to remain on the premises after they had become boisterous, made threats of physical violence, and/or engaged in violent action towards patrons, including Plaintiff; (c) failing to aid or attempt to aid Plaintiff while he was being assaulted and attacked by JOHN DOES 1-10 and/or JANE DOES 1-10; (d) failing to exercise reasonable care in protecting Plaintiff from the assault, beating, and violent actions of JOHN DOES 1-10 and/or JANE DOES 1-10; (e) failing to provide adequate and/or reasonable security based on known and/or foreseeable dangers; and (f) otherwise being negligent as a matter of law.

33.    As a result of the carelessness, recklessness, and negligence of Defendants, FREEDOM MORTGAGE PAVILION; LIVE NATION; LIVE NATION WORLDWIDE, INC.; LIVE NATION ENTERTAINMENT, INC.; LIVE NATION NATIONAL URBAN; LIVE NATION

**STARK
&STARK**

4926-7512-4579, v. 1

CAM-L-002877-25   08/27/2025 8:39:56 PM   Pg 11 of 29   Trans ID: LCV20252356009

PHILADELPHIA; ABC CORPORATION 1-10; XYZ PARTNERSHIPS 1-10; JOHN DOE

OWNER 1-10; JOHN DOE MANAGEMENT COMPANY 1-10; JOHN DOE SECURITY

COMPANY 1-10; JOHN DOE MAINTENANCE COMPANY 1-10; JANE DOES 1-10,

Plaintiff, JAMES KELLY, was caused to suffer severe bodily injuries, some of which are

permanent in nature; has been caused to aggravate any pre-existing medical condition,

symptomatic and/or asymptomatic, which is permanent; has been caused and will be caused to

expend large sums of money for medical treatment necessary to effect a cure for his injuries;

has been caused and will in the future be caused great pain and suffering; has been caused and

will in the future be unable to pursue his usual activities; and has been and will in the future be

caused to lose large sums of money due to his inability to pursue his usual occupation; has been

and will be caused to experience great anxiety and mental anguish; and was otherwise injured

and damaged, all to his great loss and detriment.

**WHEREFORE,** Plaintiff, JAMES KELLY, demands Judgment for damages generally

against Defendants FREEDOM MORTGAGE PAVILION; LIVE NATION; LIVE NATION

WORLDWIDE, INC.; LIVE NATION ENTERTAINMENT, INC.; LIVE NATION

NATIONAL URBAN; LIVE NATION PHILADELPHIA; ABC CORPORATION 1-10; XYZ

PARTNERSHIPS 1-10; JOHN DOES 1-10; JANE DOES 1-10; JOHN DOE OWNER 1-10;

JOHN DOE MANAGEMENT COMPANY 1-10; JOHN DOE SECURITY COMPANY 1-10;

and JOHN DOE MAINTENANCE COMPANY 1-10, individually, jointly, severally, or in the

alternative, together with interest and costs of suit.

## SIXTH COUNT

34.   Plaintiff, JAMES KELLY, repeats each and every paragraph of the preceding Counts and

incorporates same herein.

11

4926-7512-4579, v. 1

35.    At all times relevant herein, the premises known as FREEDOM MORTGAGE

PAVILION (hereinafter "the Premises") was owned, operated, managed, and/or maintained by

Defendants FREEDOM MORTGAGE PAVILION; LIVE NATION; LIVE NATION

WORLDWIDE, INC.; LIVE NATION ENTERTAINMENT, INC.; LIVE NATION

NATIONAL URBAN; LIVE NATION PHILADELPHIA; ABC CORPORATION 1-10; XYZ

PARTNERSHIPS 1-10; JOHN DOES 1-10; JANE DOES 1-10; JOHN DOE OWNER 1-10;

JOHN DOE MANAGEMENT COMPANY 1-10; JOHN DOE SECURITY COMPANY 1-10;

and JOHN DOE MAINTENANCE COMPANY 1-10, who, upon information and belief,

employed, retained, or contracted with personnel to provide safety and crowd control services at

the concert venue on August 29, 2023.

36.    On the date of the incident, Defendants FREEDOM MORTGAGE PAVILION; LIVE

NATION; LIVE NATION WORLDWIDE, INC.; LIVE NATION ENTERTAINMENT, INC.;

LIVE NATION NATIONAL URBAN; LIVE NATION PHILADELPHIA; ABC

CORPORATION 1-10; XYZ PARTNERSHIPS 1-10; JOHN DOES 1-10; JANE DOES 1-10;

JOHN DOE OWNER 1-10; JOHN DOE MANAGEMENT COMPANY 1-10; JOHN DOE

SECURITY COMPANY 1-10; and JOHN DOE MAINTENANCE COMPANY 1-10, were

responsible for ensuring the safety, protection, and security of patrons attending the concert,

including Plaintiff, JAMES KELLY, a business invitee lawfully on the Premises.

37.    Defendants had a duty to properly hire, train, and supervise all personnel, including

ushers, security guards, and crowd control staff, to respond promptly and effectively to

disturbances, fights, and other foreseeable incidents in order to prevent injury to patrons.

38.    At the aforementioned time and place, Plaintiff, JAMES KELLY and his adult daughter

were violently and physically attacked by unknown individuals, JOHN DOES 1-10 and JANE

DOES 1-10.

**STARK
&STARK.**

4926-7512-4579, v. 1

12

39.    Despite the attack occurring in a highly visible area, third-row center seats directly in front of the stage and lasting long enough for another patron to intervene and for the lead singer to call it out from the stage, no security personnel intervened until after the incident had ended.

40.    The failure of security staff to monitor the crowd, respond in a timely manner, or take appropriate action during the altercation was a direct result of negligent hiring, training, and/or supervision by Defendants.

41.    Upon information and belief, the individuals assigned to maintain order and protect patrons at the venue were inadequately trained, under-supervised, or otherwise unqualified to perform their duties, and their inaction directly contributed to the injuries sustained by Plaintiff.

42.    Defendants knew or should have known that proper security measures were required for large public events, particularly concerts where alcohol is served and tensions may rise among patrons.

43.    As a result of the careless, negligent, and reckless acts and omissions of Defendants, Plaintiff, JAMES KELLY, was violently and physically attacked.

44.    As a direct and proximate result of the negligent hiring, training, and supervision by Defendants, Plaintiff, JAMES KELLY, suffered severe bodily injuries, some of which are permanent in nature; has been caused to aggravate any pre-existing medical condition, symptomatic and/or asymptomatic, which is permanent; has been caused and will be caused to expend large sums of money for medical treatment necessary to effect a cure for his injuries; has been caused and will in the future be caused great pain and suffering; has been caused and will in the future be caused to be unable to pursue his usual activities; has been and will in the future be caused to lose large sums of money due to his inability to pursue his usual occupation; has been and will be caused to experience great anxiety and mental anguish; and was otherwise injured and damaged, all to his great loss and detriment.

**STARK
&STARK**

13

4926-7512-4579, v. 1

**WHEREFORE,** Plaintiff, JAMES KELLY, demands Judgment for damages generally against Defendants FREEDOM MORTGAGE PAVILION; LIVE NATION; LIVE NATION WORLDWIDE, INC.; LIVE NATION ENTERTAINMENT, INC.; LIVE NATION NATIONAL URBAN; LIVE NATION PHILADELPHIA; ABC CORPORATION 1-10; XYZ PARTNERSHIPS 1-10; JOHN DOES 1-10; JANE DOES 1-10; JOHN DOE OWNER 1-10; JOHN DOE MANAGEMENT COMPANY 1-10; JOHN DOE SECURITY COMPANY 1-10; and JOHN DOE MAINTENANCE COMPANY 1-10, individually, jointly, severally, or in the alternative, together with interest and costs of suit.

## SEVENTH COUNT

45.    At all times relevant herein, Defendants FREEDOM MORTGAGE PAVILION; LIVE NATION; LIVE NATION WORLDWIDE, INC.; LIVE NATION ENTERTAINMENT, INC.; LIVE NATION NATIONAL URBAN; LIVE NATION PHILADELPHIA; ABC CORPORATION 1-10; XYZ PARTNERSHIPS 1-10; JOHN DOES 1-10; JANE DOES 1-10; JOHN DOE OWNER 1-10; JOHN DOE MANAGEMENT COMPANY 1-10; JOHN DOE SECURITY COMPANY 1-10; and JOHN DOE MAINTENANCE COMPANY 1-10 employed, retained, or contracted with ushers, security guards, crowd control personnel, and other staff to provide security, safety, and crowd management services at the FREEDOM MORTGAGE PAVILION.

46.    Upon information and belief, at all times herein described, the security personnel, including but not limited to JOHN DOE SECURITY COMPANY 1-10, JOHN DOES 1-10, and JANE DOES 1-10, were agents, servants, and/or employees of the Defendants, and were acting within the course and scope of their employment and/or agency at the time of the incident alleged herein.

STARK
&STARK ᴋ

14

47. At the aforementioned time and place, Plaintiff, JAMES KELLY, and his adult daughter were violently and physically attacked by unknown assailants, JOHN DOES 1-10 and/or JANE DOES 1-10, in a highly visible area of the Premises.

48. Despite the attack being obvious, lasting long enough for another patron to intervene and the lead singer to call it out from the stage, Defendants' employees and agents failed to intervene, respond promptly, or otherwise protect Plaintiff.

49. The negligent failure to monitor the crowd, intervene in the altercation, and provide adequate security constituted tortious conduct committed by Defendants' employees, agents, and/or servants while acting within the scope of their employment at the concert venue.

50. Accordingly, Defendants are vicariously liable for the negligent acts and omissions of their employees, agents, and/or servants, including JOHN DOE SECURITY COMPANY 1-10, JOHN DOES 1-10, and JANE DOES 1-10, whose negligent failure to act directly and proximately caused the injuries sustained by Plaintiff, JAMES KELLY.

51. As a direct and proximate result of the negligent actions and omissions of Defendants' employees and agents, for which Defendants are responsible under the doctrine of respondeat superior, Plaintiff, JAMES KELLY, suffered severe bodily injuries, some of which are permanent in nature; has been caused to aggravate any pre-existing medical condition, symptomatic and/or asymptomatic, which is permanent; has been caused and will be caused to expend large sums of money for medical treatment necessary to effect a cure for his injuries; has been caused and will in the future be caused great pain and suffering; has been caused and will in the future be caused to be unable to pursue his usual activities; has been and will in the future be caused to lose large sums of money due to his inability to pursue his usual occupation; has been and will be caused to experience great anxiety and mental anguish; and was otherwise injured and damaged, all to his great loss and detriment.

**STARK
&STARK.**

4926-7512-4579, v. 1

15

**WHEREFORE**, Plaintiff, JAMES KELLY, demands Judgment for damages generally against Defendants FREEDOM MORTGAGE PAVILION; LIVE NATION; LIVE NATION WORLDWIDE, INC.; LIVE NATION ENTERTAINMENT, INC.; LIVE NATION NATIONAL URBAN; LIVE NATION PHILADELPHIA; ABC CORPORATION 1-10; XYZ PARTNERSHIPS 1-10; JOHN DOES 1-10; JANE DOES 1-10; JOHN DOE OWNER 1-10; JOHN DOE MANAGEMENT COMPANY 1-10; JOHN DOE SECURITY COMPANY 1-10; and JOHN DOE MAINTENANCE COMPANY 1-10, individually, jointly, severally, or in the alternative, together with interest and costs of suit.

STARK & STARK
A Professional Corporation

Dated: August 27, 2025

By: _____
DEBORAH S. DUNN
Attorneys for Plaintiff(s)

## JURY DEMAND

Plaintiff, James Kelly, hereby demand a trial by jury as to all issues.

## CERTIFICATION OF OTHER ACTIONS/PARTIES

Pursuant to the provisions of Rule 4:5-1, the undersigned attorney certifies that this matter is not the subject of any other action pending in any court or arbitration proceeding, nor is any other action or arbitration proceeding contemplated, and all known necessary parties have been joined in this action.

STARK
&STARK

16

4926-7512-4579, v. 1

### CERTIFICATION OF COMPLIANCE WITH R.1:38-7(c)(1)

Pursuant to Rule 1:38-7(b), all confidential identifiers of the parties to this action have or will be redacted from all documents or pleadings submitted to the court.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4 the Court is advised that Deborah S. Dunn, Esquire is hereby designated as trial counsel.

### DEMAND FOR DISCLOSURE OF NON-PARTIES

Please take notice that plaintiff hereby demands strict compliance with R. 4:5-1(b)(2) which requires that "each party shall disclose in the certification the names of any non-party who should be joined in the action pursuant to R. 4:28 or who is subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transaction facts.

Plaintiff hereby demands that defendant(s)review all available records, undertake reasonable investigation and determine the identity of any other individuals or entities who should be joined in this action pursuant to R. 4:5-1(b)(2).

The failure to identify non-parties pursuant to this rule will result in an application for sanctions as well as for expenses incurred in connection with the discovery of individuals who should have been identified pursuant to the rule.

### DEMAND FOR ANSWERS TO INTERROGATORIES & SUPPLEMENTAL INTERROGATORIES

Plaintiff, James Kelly, demands that All Defendants provide answers to interrogatories as follows:

**STARK &STARK**

17

4926-7512-4579, v. 1

CAM-L-002877-25   08/27/2025 8:39:56 PM   Pg 18 of 29   Trans ID: LCV20252356009

*FORM C and FORM C(2) UNIFORM INTERROGATORIES, as set forth in Appendix*

*II of the New Jersey Court Rules effective September 1, 2008.*

*SUPPLEMENTAL INTERROGATORIES #1-10.*

STARK & STARK
A Professional Corporation

Dated:     August 27, 2025

By: _____
DEBORAH S. DUNN
Attorneys for Plaintiff(s)

**STARK**
**&STARK**

4928-7512-4579, v. 1

18

CAM-L-002877-25   08/27/2025 8:39:56 PM   Pg 1 of 1   Trans ID: LCV20252356009

# Civil Case Information Statement

**Case Details: CAMDEN | Civil Part Docket# L-002877-25**

**Case Caption:** KELLY JAMES  VS LIVE NATION

**Case Initiation Date:** 08/27/2025

**Attorney Name:** DEBORAH S DUNN

**Firm Name:** STARK & STARK PC

**Address:** 401 ROUTE 73 NORTH STE 130

MARLTON NJ 08053

**Phone:** 8568744443

**Name of Party:** PLAINTIFF : Kelly, James

**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by:** James Kelly? NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
       **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
       **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/27/2025
Dated

/s/ DEBORAH S DUNN
Signed

## Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

| Name | Address | Contact |
|------|---------|---------|
| Atlantic | Atlantic County Civil Courthouse 1201 Bacharach Boulevard Atlantic City, New Jersey 08401 | Phone:609-402-0100 ext. 47594 |
| Bergen | Bergen County Justice Center 10 Main Street Hackensack, New Jersey 07601 | Phone:201-221-0700 ext. 25210 |
| Burlington | Burlington County Court Facility 49 Rancocas Road Floor 1st Floor Mount Holly, New Jersey 08060 | Phone:609-288-9500 ext. 38091 |
| Camden | Camden County Hall of Justice 101 South 5th Street Camden, New Jersey 08103 | Phone:856 650-9100 ext. 43160 |
| Cape May | Cape May County Courthouse 9 North Main Street Cape May Courthouse, New Jersey 08210 | Phone:609-402-0100 ext. 47910 |
| Cumberland | Cumberland County Courthouse 60 West Broad Street Bridgeton, New Jersey 08302 | Phone:856-878-5050 ext. 15390 |
| Essex | Essex-Hall Of Records 465 Dr. Martin Luther King Blvd Newark, New Jersey 07102 | Phone:973-776-9300 ext. 56800 |
| Gloucester | Gloucester County Old Courthouse 1 North Broad Street Floor 1st Floor Woodbury, New Jersey 08096 | Phone:856-878-5050 ext. 15370 |
| Hudson | Hudson County Administration Bldg 595 Newark Avenue Jersey City, New Jersey 07306 | Phone:201-748-4400 ext. 60085 |
| Hudson | Hudson-Brennan Courthouse 583 Newark Ave Jersey City, New Jersey 07306 | Phone:201-748-4400 ext. 60085 |
| Hunterdon | Hunterdon County Justice Center 65 Park Avenue Flemington, New Jersey 08822 | Phone:908-824-9750 ext. 13810 |
| Mercer | PO Box 8068 Trenton, New Jersey 08650-0068 | Phone:609- 571-4200 ext. 74460 |
| Middlesex | PO Box 2633 New Brunswick, New Jersey 08903-2633 | Phone:732-645-4300 ext. 88171 |
| Monmouth | PO Box 1270 Freehold, New Jersey 07728 | Phone:732-358-8700 ext. 87905 |
| Morris | PO Box 910 Morristown, New Jersey 07960-0910 | Phone:(862) 397-5700 ext. 75345 |
| Ocean | PO Box 2191 Toms River, New Jersey 08754 | Phone:732-504-0700 ext. 64360 |
| Passaic | Passaic County Courthouse 77 Hamilton Street Paterson, New Jersey 07505 | Phone:973-653-2910 ext. 24260 |
| Salem | Salem County Courthouse 92 Market Street Salem, New Jersey 08079 | Phone:856-878-5050 ext. 15830 |
| Somerset | PO Box 3000 Somerville, New Jersey 08876 | Phone:908-332-7700 ext. 13710 |
| Sussex | Sussex County Judicial Center 43-47 High Street Newton, New Jersey 07860 | Phone:862-397-5700 ext. 75455 |

| Union | Union County Courthouse 2 Broad Street Suite/Room Case Management (3rd Floor Tower), Floor 8th Floor Tower Elizabeth, New Jersey 07207 | Phone:908-787-1650 ext. 22120 |
| Warren | Warren County Courthouse 413 Second Street Belvidere, New Jersey 07823 | Phone:908 750-8100 ext. 13910 |

AUG 29 2025

# EXHIBIT B

STARK & STARK
A Professional Corporation
401 Route 73 North, Suite 130
Marlton, NJ 08053-3425
(856) 874-4443
**Deborah S. Dunn, Esq., Attorney ID#: 04000-2001**
**Attorneys for Plaintiff(s)**

| | |
|---|---|
| JAMES KELLY,<br><br>                                    Plaintiff(s),<br><br>                   vs.<br><br>LIVE NATION; LIVE NATION WORLDWIDE, INC.; LIVE NATION ENTERTAINMENT, INC.; LIVE NATION URBAN; LIVE NATION NATIONAL PHILADELPHIA; FREEDOM MORTGAGE PAVILION; JOHN DOE OWNER 1-10; JOHN DOE MANAGEMENT COMPANY 1-10; JOHN DOE SECURITY COMPANY 1-10; JOHN DOE MAINTENANCE COMPANY 1-10; JOHN DOES 1-10; ABC CORPORATION 1-10; XYZ PARTNERSHIPS 1-10; and JANE DOES 1-10 (fictitiously named defendants),<br><br>                                    Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO.:<br><br>CIVIL ACTION<br><br>**DEMAND FOR DISCOVERY OF**<br>**INSURANCE COVERAGE** |

To:    ALL DEFENDANTS

Pursuant to Rule 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.
YES ( )      NO ( )

If the answer is "yes" attach a copy of each or in the alternative state, under oath or certification (a) number (b) name and address of insurer or issuer (c) inception of expiration dates (d) names and addresses of all persons insured thereunder (e) personal injury limits (f) property damage limits (g) medical payment limits (h) name and address of person who has custody and possession thereof (i) where and when each policy or agreement can be inspected and copied.

**STARK**
**&STARK**ᵣ

Dated: _____                    _____

4926-7512-4579, v. 1

19

**STARK & STARK**
A Professional Corporation
401 Route 73 North, Suite 130
Marlton, NJ 08053-3425
(856) 874-4443
**Deborah S. Dunn, Esq., Attorney ID#: 04000-2001**
**Attorneys for Plaintiff(s)**

| | |
|---|---|
| JAMES KELLY,<br><br>                                    Plaintiff(s),<br><br>                        vs.<br><br>LIVE NATION; LIVE NATION WORLDWIDE, INC.; LIVE NATION ENTERTAINMENT, INC.; LIVE NATION NATIONAL URBAN; LIVE NATION PHILADELPHIA; FREEDOM MORTGAGE PAVILION; JOHN DOE OWNER 1-10; JOHN DOE MANAGEMENT COMPANY 1-10; JOHN DOE SECURITY COMPANY 1-10; JOHN DOE MAINTENANCE COMPANY 1-10; JOHN DOES 1-10; ABC CORPORATION 1-10; XYZ PARTNERSHIPS 1-10; and JANE DOES 1-10 (fictitiously named defendants),<br><br>                                    Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO.:<br><br>CIVIL ACTION<br><br>**PRODUCTION OF DOCUMENTS** |

TO:    ALL DEFENDANTS

Pursuant to Rule 4:18-1, plaintiff requests production of the following documents from the defendant:

1.    Please produce the deed showing defendant's ownership interest in the premises as of the date of this incident.

2.    Attach hereto any and all maintenance records or log book or other similar documents generated by the defendant for the one year period prior to plaintiff's accident and one month subsequent to plaintiff's accident.

3.    Attach hereto a copy of any training materials or documents with respect to the

**STARK &STARK** PC

20

4926-7512-4579, v. 1

inspection procedure to be utilized by the defendant employees or training manual with respect to the inspection or maintenance of the defendant premises.

    4.     Attach hereto any diary, log book or similar written record that describes the day to day events that take place at defendant's premises.

    5.     Attach hereto copies of incident reports, pleadings, interrogatories, and deposition transcripts from any incident, claim or lawsuit which has ever arisen out of an injury sustained on defendant's premises.

    6.     Attach a copy of all incident reports concerning plaintiff's claim.

    7.     Attach a copy of any excess insurance policy.

    8.     Please produce the following in regard to any surveillance conducted of the Plaintiff:

        a)     Any and all logs, notes, audio tapes, invoices, billing receipts or documents that were kept concerning the filming of the videotapes or other surveillance that did not result in videotape.

        b)     A list of all teams, members and other personnel involved in the filming of the videotapes along with the times those individuals were involved in the taping, the location of those individuals were involved in the taping, the location of those individuals at the time of the taping and what, if anything, those individuals were instructed to observe.

        c)     A list of all people involved in the editing and/or copying, and/or transferring of the videotapes along with the times they worked on said videotapes and a detailed description of what they edited to include:

            i)     Portions of original tape removed;

            ii)     Voice-overs;

            iii)     Portions of the tape clarified;

**STARK**
**&STARK**ℓℓ

21

iv)    Any other editing job performed by these individuals.

d)    A list of all people speaking on the tapes and what times those people were present for filming or editing.

e)    A description of what is contained on the videotapes.

f)    An explanation of what is contained on the videotapes.

g)    A detailed explanation of what the defendant claims is shown by the videotapes.

h)    A labeled set of videotapes with each tape marked as to its contents.

i)    A list of all people associated with the filming, editing, production, viewing, delivery and otherwise involved in any manner with the videotapes and when each person was involved with said tapes and what they did with or to said tapes.

j)    A list of all the equipment used in the filming of the videotapes including the model numbers of such equipment.

k)    All correspondence regarding the videotaped surveillance and any other surveillance which may have resulted in videotape.

l)    All still photographs.

9.    If you allege any of the injuries plaintiff contends were caused by the incident in issue were not caused by incident/accident, please produce the following documents:

a)    Copies of all medical reports and documents upon which you rely;

b)    Copies of any and all pleadings, interrogatories, depositions or trial transcripts or any other records upon which you will rely.

10.    If you allege the plaintiff has been involved in any previous or subsequent accidents or incidents or sustained any previous or subsequent injuries to those in question, please produce the following:

**STARK
&STARK.**

22

CAM-L-002877-25   08/27/2025 8:39:56 PM   Pg 23 of 29   Trans ID: LCV20252356009

        a)      Copies of all medical reports and documents upon which you will rely;

        b)      Copies of any pleadings, interrogatories, depositions, trial testimony or any other records upon which you will rely.

11.     If you intend to cross-examine any of the plaintiff's experts by use of any medical or scientific treatises or any treatises, please attach copies of said documents.

12.     Please attach copies of any photographs, videos, surveillance films, audio tapes or any other pictures, whether still or moving, regarding any aspect of the happening of the accident or of the injuries and disabilities incurred by the plaintiff.

13.     If you allege the plaintiff made any written admissions or declarations against interest as to the happening of the accident or the injuries sustained in the accident, please produce copies of any document containing such admissions or declarations against interest.

14.     If you allege that any of the plaintiff's medical treatment was unnecessary, unreasonable or not related to the accident/incident forming the basis of this complaint, please attach copies of all documentation upon which you will rely to support this allegation.

15.     If plaintiff is asserting a loss wage claim and you allege that the plaintiff was not disabled for any of the period of time claimed, please attach copies of any documentation upon which your allegation is based.

16.     If you allege that plaintiff had any pre-existing medical condition, please attach copies of any medical records or any other documentation upon which you intend to rely to support this allegation.

17.     Please attach copies of all defense medical examinations.



18.     Please attach copies of any medical examinations performed at the request of any person or entity not a party to this matter.

19.     Please produce copies of any and all documents received from any subpoena or

4926-7512-4579, v. 1

authorizations served in this matter.

20.    Please attach copies of all written witness statements.

21.    Please produce copies of any and all statements taken from any of your employees as a result of this accident.

22.    Please produce copies of all statements taken by you, or anyone acting on your behalf, or by any party to this action, regarding the happening of this accident.

23.    Please attach copies of any reports made to anyone concerning the incident which is the subject matter of this suit.

24.    Any record indicating that any sale of alcohol by any party to the litigation was made on credit.

25.    Attach copies of any statements taken from any employees or witnesses to the sale or sales of intoxicating beverages to any party to the litigation.

26.    Attach your procedures manual with respect to training of persons/employees dispensing alcoholic beverages to defendants' premises as they were in effect prior to and including the date of plaintiff's incident.

27.    Attached written materials which were provided to persons dispensing alcoholic beverages in your establishment.

28.    Attach a copy of any interior and exterior floor plans, blueprints or schematics of the defendants' premises as it existed on the date of the incident.

29.    Attach a copy of any and all agreements or contracts for third-party security services that were provided on the premises on the date of the incident.

30.    Attach your procedures manual with respect to the hiring and training of persons/employees providing security-type services on defendants' premises as they were in effect prior to and including the date of the plaintiff's incident.

**STARK**
**&STARK.**

24

4926-7512-4579, v. 1

31.     Attach a list of all bounces and/or security personnel who were working on the date of the incident.

32.     Attach the personnel file(s) of all bouncers and/or security personnel who were involved in this incident.

33.     Attach any and all video footage depicting the incident or the video footage depicting the inside and/or outside of the premises on the date of the incident.

34.     Provide copies of any and all police reports concerning incidents at the premises from the time period beginning two years prior to the incident and one year after the incident

**STARK &STARK** ℠

### Plaintiff's Supplemental Interrogatories for Defendants

1.     Describe in detail each action or activity of the plaintiff which you believe caused or contributed to the plaintiff's incident as observed by you at the time of and during the incident, as well as your location during said observations.

2.     State what, if anything, you did to prevent the injury to the plaintiff.

3.     State whether you or any of your employees have at any time been warned, reprimanded, disciplined, investigated, arrested, convicted, or have been the subject of an administrative hearing or legal proceeding with respect to license revocation or suspension for selling intoxicating beverages to an intoxicated person.

4.     State the name of the manager present if any, and all other employees and/or agents of

**STARK**
**&STARK**™

26

4926-7512-4579, v. 1

the defendant present on the premises on the date of the incident.

5.      State the type of alcohol and quantity of alcohol sold to plaintiff and the individual being removed from the premises at the time of the incident, on the date of the incident.

6.      What time did the plaintiff and individual being removed from the premises arrive and leave the premises?

7.      Describe the physical appearance and conduct of the plaintiff and the individual being removed from the premises at the time that they left the premises.

**STARK &STARK** rc

27

8.      State when this defendant first learned of the incident involving the plaintiff herein and how you received notice of such incident.

9.      Describe any observations of the plaintiff or individual being removed from the premises by your servants, agents, or employees during the period in which the sale or sales of alcohol occurred.

10.      Describe the defendant's policies and procedures in place prior to and including the date of the incident concerning the removal of individuals from the premises.

**STARK
&STARK.**

4926-7512-4579, v. 1

<u>CERTIFICATION</u>

I hereby certify that the copies of the reports annexed hereto rendered by either treating physicians or proposed expert witnesses are exact copies of the entire report or reports rendered by them; that the existence of other reports of said doctors or experts, either written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

I acknowledge my continuing responsibility to amend or supplement these answers as facts or information become known by my representative or me.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Please PRINT NAME of individual answering Interrogatories

_____
SIGNATURE of individual answering Interrogatories

Dated:

**STARK &STARK**

4926-7512-4579, v. 1

# EXHIBIT C

CAM-L-002877-25   08/28/2025 4:53:33 AM   Pg 1 of 1   Trans ID: LCV20252356594

```
CAMDEN COUNTY SUPERIOR COURT
101 S FIFTH STREET
SUITE 150
CAMDEN           NJ 08103
                                  TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (856) 650-9100
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   AUGUST 27, 2025
                    RE:     KELLY JAMES  VS LIVE NATION
                    DOCKET: CAM L -002877 25

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON FRANK C. TESTA        .

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      301
AT:  (856) 650-9100 EXT 44162.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                         ATT: DEBORAH S. DUNN
                         STARK & STARK PC
                         401 ROUTE 73 NORTH STE 130
                         MARLTON          NJ 08053


ECOURTS
```

# EXHIBIT D

# CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Live Nation Worldwide, Inc.
Kimberly Tobias Senior Vice President Litigation
Live Nation
9348 Civic Center Drive
Beverly Hills CA 90210

August 29, 2025

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Item: 2025-860

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Live Nation Worldwide, Inc. |
| 2. | **Title of Action:** | James Kelly vs. Live Nation; et al. |
| 3. | **Document(s) Served:** | Civil Action Summons<br>Complaint and Jury Demand / Demand for Answers to Interrogatories<br>Certificate of Compliance with R.1:38-7(c)(1)<br>Demand for Discovery of Insurance Coverage |
| 4. | **Court/Agency:** | Camden County Superior Court |
| 5. | **State Served:** | Delaware |
| 6. | **Case Number:** | CAM-L-2877-25 |
| 7. | **Case Type:** | Personal Injury/Premises Liability |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Friday 08/29/2025 |
| 10. | **Date to Client:** | Friday 08/29/2025 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 35<br>Friday 10/03/2025 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Deborah S. Dunn<br>Marlton, NJ<br>856-874-4443 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 081 |
| 16. | **Notes:** | Also Attached:<br>* Production of Documents<br>* Civil Case Information Statement, etc. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.